IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO-06-CR-30068-WDS |
| | ) | |
| ROHAN G. HERON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is defendant's second motion in limine (Doc. 286) to which the government has filed a response (Doc. 287). In this motion, the defendant seeks a determination by the Court, pursuant to *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993) of the testimony of the experts which the government seeks to use in its case in chief. The defendant seeks to avoid duplication of testimony and the introduction of matters not related to guilt or innocence.

The government has indicated that it does not expect Officers Rigel and Lammers overlap in their testimony, and that it expects only to qualify Officer Rigel as an expert in this case.

The Court held a hearing on this matter before trial, during which the government proffered as to Officer Rigel's background. The proffered as to Officer Rigel's training, experience and skill in order to qualify him as an expert to testify as to traffic interdiction, including truck driver's and their legal expectations for over-the-road driving, and legitimate and illegitimate cargo modus operandi; costs of narcotics both at retail and on-the-street in 2006; the differences between personal use and distribution amounts and; in general how the drug trafficking operations work from entry of the drugs into the United States, the methods of transportation and distribution and how these

controlled substances end up with the end users.  Officer Rigel will testify as to the drug organization process and standard procedures and efforts.

## DISCUSSION

The admissibility of expert testimony is governed by Fed. R. Evid. 702 and *Daubert,* 509 U.S. at 589–92 (1993). Rule 702 allows testimony by a qualified expert if such testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. However, under *Daubert* the Court must find that the expert testimony is relevant and factually linked to the case to meet Rule 702's "helpfulness" requirement. *Id.* at 591.  In the Seventh Circuit, when looking to a potential witness as an expert, "a court should consider a proposed expert's full range of practical experience as well as academic or technical training when determining whether that expert is qualified to render an opinion in a given area."  *United States v. Parra,* 402 F.3d 752, 758 (7th Cir. 2005) (*quoting Smith v. Ford Motor Co.,* 215 F.3d 713, 718(7th Cir. 1993); *see also, Kumho Tire Co. v. Charmichael*, 526 U.S. 137, 156 (1999).   The Court notes, under the Seventh Circuit standards, the government will have to establish expertise on the "*modus operandi* of narcotics dealers."  *Parra*, 402 F.3d at 759.   As the court stated, when an officer has:

> the kind of experience, education, and training that we have recognized in the past as supporting a finding of expertise. See *id.; Allen,* 269 F.3d at 846. On several occasions, we have found that an agent's experience qualifies him or her to testify as an expert regarding drug trafficking counter-surveillance. See, *e.g., United States v. Sanchez-Galvez,* 33 F.3d 829 (7th Cir.1994); *United States v. de Soto,* 885 F.2d 354 (7th Cir.1989). See also *United States v. Romero,* 189 F.3d 576, 584-85 (7th Cir.1999) (stating that " *modus operandi* evidence has proved useful in drug trafficking cases," including testimony "regarding various counter[-]surveillance techniques used by drug dealers to avoid detection"); *United States v. Brown,* 7 F.3d 648, 652 (7th Cir.1993).

*Id.*

In light of the government's proffer, the Court **FINDS** that the testimony of Officer Rigel is relevant to the government's burden of proof, and that he qualifies as an expert as to drug dealing and the modus operandi of drug dealers, particularly over the road truckers who transport illegal, controlled substances, as well as to the value of the controlled substances in 2006, and drug distribution operations, generally. The Court notes that the use of the witness, and his testimony, may be properly balanced by the jury instructions, including appropriate cautionary instructions.  *United States v. Farmer*, 543 F.3d 363 (7th Cir. 2008). Defendant's motion in limine on this ground is, accordingly, **DENIED**.

**IT IS SO ORDERED.**

**DATE:  19 July, 2011**

                                      **/s/  WILLIAM D. STIEHL**
                                          **DISTRICT JUDGE**